IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INCASE DESIGNS, CORP., | Case No. 13-cv-04314 RS |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STAY** |
| v. | |
| MOPHIE, INC., | |
| Defendants. | |

This case is one of multiple cases in which plaintiff Incase Designs, Corp. ("Incase") is suing defendant Mophie, Inc. ("Mophie") in a dispute over which company is the inventor of a method of assembling battery-containing protective cases for use in mobile electronic devices. Mophie moves to dismiss Incase's claims for failure to state a claim, and, in the alternative, seeks a stay pending the outcome of the Patent Trademark Office's ("PTO") determination in a patent interference proceeding involving the relevant patents. After Mophie filed these motions, but before the court issued a ruling, Incase filed an amended complaint. In a related case between the two parties (Case No. 13-cv-00602), this court issued a stay to give the PTO time to consider the relevant interference claims of the parties and requiring the parties to submit a status report in six months. Pursuant to

Civil Local Rule 7(1)(b), this matter is suitable for disposition without oral argument and the hearing set for December 17, 2013 is vacated.

Because Mophie's motion to dismiss was brought against the original complaint, it will be denied without prejudice and without opining as to whether the amended complaint adequately cures any alleged deficiencies raised by the motion to dismiss. Mophie may advance those same arguments, or others, in response to the amended complaint, when the stay imposed by this order is lifted.

In light of plaintiff's non-opposition to the motion to stay, and good cause appearing, the motion to stay is granted. District courts "have the broad discretion to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 2007). In patent cases, courts have the inherent and discretionary authority to stay litigation pending reexamination. *See Ethicon Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their docket and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). Similarly, stays may issue where interference proceedings are underway before the PTO. *See e.g., Childers Foods, Inc. v. Rockingham Poultry Marketing Coop., Inc.,* 14 U.S.P.Q.2d 1561 (D.D.C. 1989). "[T]here is a liberal policy in favor of granting motions to stay proceeding pending the outcome of USPTO reexaminations or reissuance proceedings." *ASCII Corp. v. STD Ent. USA, Inc.,* 844 F.Supp. 1378, 1381 (N.D. Cal. 1994); *Magna Donnelly Corp. v. Pilkington N. Am., Inc.,* No. 06–cv–126, 2007 U.S. Dist. LEXIS 17536, *2, 2007 WL 772891 (W.D. Mich. March 12, 2007). Here, discovery has just begun, the PTO's interference proceeding may simplify or eliminate the need for further proceedings, and Incase does not oppose the motion to stay. Therefore, further proceedings are stayed pending the PTO's interference proceeding. The parties are to submit a status report in six months.

IT IS SO ORDERED.

Dated: 11/8/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE